IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 14-137(1) |
| | ) |
| VIRGILIO F. ESPIN, | ) |
| | ) |
| Defendant | ) |

## OPINION AND ORDER

Pending before the Court is the United States' Motion to Set Trial Date [ECF#30]. By way of this Motion, the government requests that this Court: (1) enter an order setting a trial date at the earliest possible date and (2) enter an order excluding, from the calculation of the running of the Speedy Trial Act (18 U.S.C. § 3161 et seq.) the period of time "from Defendant's arrest on October 8, 2014 on charges in Florida, up to and including February 9, 2015, the date of his next appearance in the Western District of Florida. Motion, pp. 2-3.

**I. Factual Background.**

Defendant Virgilio Espin was indicted in this Court for violations of 18 U.S.C. §§ 472 and 2 on May 23, 2014. He was arrested in the Southern District of Florida, where he resides, on July 28, 2014 and on July 29, 2014 he appeared before a magistrate judge in the Southern District of Florida ("S.D. Fla."), who released him on bond.

Defendant originally was scheduled to be arraigned in this Court on August 21, 2014. A Superseding Indictment was filed against him on August 12, 2014. Defendant's arraignment was rescheduled to August 20, 2014. On that date, Defendant waived his personal appearance at the arraignment, entered a plea of not guilty, and filed a Motion for Extension of Time to File

1

Pretrial Motions to October 6, 2014, which was granted by Magistrate Judge Eddy. At the time Magistrate Judge Eddy granted the motion, she also ordered that the extension of time caused by the continuance was deemed to be excludable delay under the Speedy Trial Act: "[s]pecifically, the Court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(a), since, for the reasons stated in defendant's motion, the failure to grant such a continuance would deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence 18 U.S.C. § 161(h)(7)(B)(iv)." August 20, 2014 Order, p. 2 [ECF #21].

No pre-trial motions were filed by Defendant or the United States by Oct. 6, 2014. On October 8, 2014, Defendant was arrested in Florida on state drug charges and appeared before a state court judge on the charges.[1]

On October 15, 2014, the United States Pretrial Services Office for the Western District of Pennsylvania filed a "Petition for Action on Conditions of Pretrial Release" ("the Petition") [ECF #26]. In the Petition, the Pretrial Services Office stated that: (1) "[o]n October 8, 2014, the defendant was arrested in Broward County Florida and charged with Delivery of Cannabis and Unlawful Use of a Communication Device. A preliminary hearing in this matter, captioned at 14-238938, is pending at this time." The Petition further stated "[t]he defendant is currently in custody at the Broward County Jail" and requested that the Court order "an arrest warrant be issued and lodged as a detainer in the Broward County Jail pending a bond revocation hearing before the court." On October 20, 2014, the Court so ordered [ECF #28] and on October 21, 2014, a Warrant for Arrest was issued by this Court [ECF #29].

---

[1] According to a Case Summary regarding Defendant's state court case, of which this Court takes judicial notice, a hearing on the state court charges is set for April 20, 2015. See http://www.clerk-17th-flcourts.org/Clerkwebsite/BCCOC2/OdysseyPA/CaseSummary.asp.

It does not appear that the Warrant for Arrest was lodged as a detainer in the Broward County Jail. Instead, the USMS in Florida arrested Defendant at his home on December 16, 2014 and he appeared before a magistrate judge in the Southern District of Florida on December 18, 2104. Defendant was again released on bond and told to report to this Court for an initial appearance on January 12, 2015.

This Court was not informed that Defendant had been arrested in Florida, appeared before the federal court in the Southern District of Florida, and released on bond. It also was not informed that the court in the Southern District of Florida had told Defendant to appear before this Court on January 12, 2015 for an initial appearance.

An initial appearance was never scheduled in this Court. In the days prior to January 12, 2015, the Court was notified by one of the attorneys in this case of the need to schedule a hearing on the Petition. On January 12, 2015, the Court ordered that a hearing on the Petition be held on February 9, 2015. Defendant appeared on February 9, 2015 as ordered, the hearing on the Petition was held and this Court determined that it was not going to revoke Defendant's bond.

**II. Legal Analysis.**

First, to the extent the Government moves for an Order setting a trial date at the earliest possible date, we will grant its request.

Turning next to its motion for an Order excluding, from the calculation of the running of the Speedy Trial Act (18 U.S.C. § 3161 et seq.) the period of time "from Defendant's arrest on October 8, 2014 on charges in Florida, up to and including February 9, 2015, the date of his next appearance in the Western District of Florida, we will grant the motion in part and deny it in part.

The Speedy Trial Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

3

offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c). There are certain "periods of delay" which "shall be excluded" "in computing the [seventy-day] time within which the trial of any such offense must commence." See Id. at § 3161(h)(1).

For the reasons already found by Magistrate Judge Eddy, the period of time from August 20, 2014 to October 6, 2014, was such a period of delay which shall be excluded in computing the 70 day time period. Thus, the Speedy Trial Act seventy (70) day "clock" began to run on October 7, 2014.

Contrary to the Government's argument, we do not find that an excludable "period of delay" under section §3161(h)(i) began on October 8, 2014, when Defendant was arrested and charged with violating Florida drug laws.

We do, however, find that there was another excludable "period of delay" under section §3161(h)(i), i.e. a "period of delay resulting from other proceedings concerning the defendant," beginning on October 15, 2014 when, related to Defendant's arrest in Florida on October 8, 2014, the United States Pretrial Services Office filed the Petition requesting that the Court order "an arrest warrant be issued and lodged as a detainer in the Broward County Jail pending a bond revocation hearing before the court," and continuing until February 9, 2015, when we held the hearing on the Petition.

Finally, just for completeness, we find that there was a final excludable "period of delay" under section §3161(h)(i) beginning on February 18, 2015, when the Government filing the pending Motion regarding computation of time under the Speedy Trial Act, and continuing through the date of this Opinion and Order.

4

## III. Conclusion.

In conclusion, we find that from August 20, 2014 to the date of this Opinion and Order, eight (8) days (from October 7, 2014 to October 14, 2014) shall be counted in computing the seventy (70) day time period within which Defendant's trial must commence under the Speedy Trial Act.

An appropriate Order follows:

## ORDER

AND NOW, to-wit, this 19th day of February, 2015, it is hereby ORDERED, ADJUDGED AND DECREED that the Government's Motion to Set Trial Date is GRANTED to the extent that it requests an Order setting a trial date at the earliest possible date. A jury trial in this matter shall be set for **Tuesday, February 24, 2015**. A pretrial conference shall be held at 9:00 a.m. Jury selection and trial shall begin immediately following the conclusion of the pretrial conference.

It is further hereby ORDERED, ADJUDGED AND DECREED that the Government's Motion to Set Trial Date is GRANTED to the extent that it requests an Order excluding from the calculation of the running of the Speedy Trial Act (18 U.S.C. § 3161 et seq.) the period of time from October 15, 2014 up to and including February 9, 2015, and is DENIED to the extent that it requests an Order excluding from the calculation of the running of the Speedy Trial Act (18 U.S.C. § 3161 et seq.) the period of time from October 8, 2014 to October 14, 2014.

It is further hereby ORDERED, ADJUDGED AND DECREED that the period of time from October 15, 2014 when, related to Defendant's arrest in Florida on October 8, 2014, the United States Pretrial Services Office filed the Petition for Action on Conditions of Pretrial Release, requesting that the Court order "an arrest warrant be issued and lodged as a detainer in the Broward County Jail pending a bond revocation hearing before the court," and continuing until February 9, 2015, when we held the hearing on the Petition, shall be deemed excludable

5

delay under the Speedy Trial Act, 18 U.S.C. §3161 *et. seq*. Specifically, the Court finds that the period of time covered by this exclusion is consistent with the provisions of the Speedy Trial Act relative to excludable delay, specifically "Any period of delay resulting from other proceedings concerning the defendant..." 18 U.S.C. 3161(h)(1).

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.,
Senior United States District Court Judge